David McCandless

| | | |
|---|---|---|
| 1 | Q. | Okay.  Let's get this out of the way just right |
| 2 | | off the bat.  You've been asked a few times today, |
| 3 | | and your opinions indicate that this fire was -- |
| 4 | | that the entire fire was caused by this hose |
| 5 | | failure.  Do you -- Can you say that this is the |
| 6 | | only cause of this fire? |
| 7 | A. | No. |
| 8 | Q. | Okay.  Can you even say that it's the only |
| 9 | | reasonable cause of this fire? |
| 10 | A. | No. |
| 11 | Q. | So would it be fair to say that there are other |
| 12 | | factors that could have caused this fire, other |
| 13 | | than this hose separating from its fitting? |
| 14 | A. | That's correct. |
| 15 | Q. | All right.  Is there any way to tell conclusively |
| 16 | | whether the hose was in or out of the fitting when |
| 17 | | the fire started? |
| 18 | A. | No, not with the evidence that we have. |
| 19 | Q. | You were asked about the 72-month provision and |
| 20 | | about a mechanic or crane company relying on it. |
| 21 | | Are you aware of whether the person in charge of |
| 22 | | scheduling maintenance at Limehouse had ever seen |
| 23 | | or touched the maintenance manual for this crane? |
| 24 | | MR. CAPUTO:  Objection. |

Court Reporting Services
919-832-4114

